# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Criminal No. 2:14-cr-5-3

JAMIE NICOLE CHIDESTER,

        Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned for consideration of Defendant Jamie Nicole Chidester's "Motion to Suppress Evidence," filed on April 4, 2014. (Docket No. 56.) The Government did not file a response. The undersigned finds that a hearing is unnecessary for disposition of Defendant's motion.

## I. PROCEDURAL HISTORY

Defendant and two co-defendants were indicted by a Grand Jury sitting in the Northern District of West Virginia on January 23, 2014. (Docket No. 1.) Defendant is charged with participation in a methamphetamine conspiracy; aiding and abetting the possession of material used in the manufacture of methamphetamine; ten (10) counts of possession of pseudoephedrine to be used in the manufacture of methamphetamine; and four (4) counts of attempted possession of pseudoephedrine to be used in the manufacture of methamphetamine. Defendant was arraigned before the undersigned via videoconferencing on February 25, 2014 and entered a "Not Guilty" plea to all counts. A trial date has not yet been set.

On March 3, 2014, co-defendant Brandon Michael Beeson filed a "Motion to Suppress Evidence and Request For An Evidentiary Hearing." (Docket No. 29.) The undersigned held an

evidentiary hearing on March 11, 2014. Following that hearing, the undersigned issued a Report and Recommendation/Opinion, finding that Officer Vanscoy and Sergeant Pawelcyzk of the Randolph County, West Virginia, Sheriff's Department, "lacked reasonable suspicion to conduct a traffic stop of the Toyota Tacoma in which [Beeson] was a passenger and, therefore, the evidence seized as a result of the search was obtained illegally." (Docket No. 39 at 10-11.) The undersigned recommended that Beeson's motion to suppress be granted.

On March 25, 2014, Chief United States District Judge John Preston Bailey entered an "Order Declining to Adopt Report and Recommendation and Denying Defendant's Motion to Suppress" as to co-defendant Beeson. (Docket No. 59.)

## II. CONTENTIONS OF THE PARTIES

In her motion, Defendant joins in co-defendant Beeson's suppression motion and moves the Court to suppress all evidence seized as a result of the March 11, 2013 traffic stop of the vehicle in which Defendant was a passenger. Defendant also seeks the suppression of "all evidence which is part of the 'fruit of the poisonous tree'", including "evidence which supports all counts of the indictment which charge that Defendant committed various methamphetamine offenses." (Docket No. 56 at 2.)

## III. FACTS

The undersigned refers the parties and readers to the statement of facts set forth by Chief Judge Bailey in his Order denying co-defendant Beeson's motion to suppress. (Docket No. 59 at 1-4.) Because Defendant was also a passenger of the Toyota Tacoma stopped on March 11, 2013, these facts apply equally to her motion. (Docket No. 56 at 2.)

## IV.     ANALYSIS

### *A.     Law of the Case*

The Fourth Circuit has described the law of the case doctrine as follows:

"A [sic] most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." . . . Furthermore, when a rule of law has been decided adversely to one or more codefendants, the law of the case doctrine precludes all other codefendants from relitigating the legal issue. . . . Under the law of the case doctrine, as a practical matter, once the "decision of an appellate court establishes 'the law of the case,' it 'must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'"

United States v. Aramony, 166 F.3d 655, 661 (1999) (internal citations omitted).

As noted above, Defendant joins in co-defendant Beeson's argument that the March 11, 2013 traffic stop was illegal, therefore requiring the suppression of all evidence seized from that stop. However, Chief Judge Bailey has already rejected that argument. Specifically, he found that the anonymous tip in this case "was sufficient for the police officers to travel to the Custom Paving lot to investigate." (Docket No. 59 at 6.) According to Chief Judge Bailey, "a vehicle found in a private business lot, late at night and after dark, in a rural, semi-residential area provided a sufficient basis to detain the vehicle." (Id.) He further found that "[h]aving reasonable suspicion to detain and approach the vehicle, the actions of the front seat passenger in dipping his right shoulder and reaching his arm down towards the floor area, particularly the side door compartment was a legitimate concern." (Id. at 7.) For these reasons, Chief Judge Bailey found that the traffic stop was valid and denied co-defendant Beeson's motion to suppress. (Id. at 8.)

Under Aramony, Chief Judge Bailey's decision regarding the March 11, 2013 traffic stop,

adverse as to co-defendant Beeson, "precludes all other codefendants from relitigating the legal issue." 166 F.3d at 661 (citation omitted). Given this, the undersigned recommends that Defendant's motion to suppress as to the March 11, 2013 traffic stop be denied.

## B. *"Fruit of the Poisonous Tree"*

As noted above, Defendant seeks not only the suppression of evidence seized from the traffic stop, but also "all evidence which is part of the 'fruit of the poisonous tree.'" (Docket No. 56 at 2.) According to Defendant, the evidence seized from the March 11, 2013 traffic stop "obviously caused law enforcement to review Defendant's 'nplex' records, her Board of Pharmacy records, and the records of various pharmacies in Bridgeport (Target), Nutter Fort (Rite-Aid), and Clarksburg (Wal-Mart), such records disclosing alleged pseudoephedrine purchases or attempts." (Id.) She argues that "[a]bsent the unlawful search, law enforcement would not have had the occasion to, or any reason to, examine Defendant's pseudoephedrine purchases." (Id. at 3.)

Under the "fruit of the poisonous tree" doctrine, evidence which is the product of an unlawful search or seizure is nevertheless admissible as long as the connection between officers' unlawful conduct and the acquisition of the evidence is sufficiently attenuated to purge the evidence of the primary taint. See Wong Sun v. United States, 371 U.S. 471, 487 (1963). To determine whether the taint of an illegal search and seizure has been purged, courts must analyze three factors: (1) the length of time that has passed between the illegal act and the seizure of evidence; (2) whether there were intervening circumstances; and (3) the gravity, flagrancy, and reason for officers' misconduct. See Brown v. Illinois, 422 U.S. 590, 603-04 (1975).

The undersigned finds that the "fruit of the poisonous tree" doctrine is inapplicable to Defendant's case. As noted above, Chief Judge Bailey has already determined that the March 11,

4

2013 traffic stop did not violate the Fourth Amendment. Accordingly, no illegal search and seizure occurred, and the stop provided officers a reason to review Defendant's NPLEX records, Board of Pharmacy records, and the records of the various pharmacies named above. Given this, the undersigned recommends that Defendant's "fruit of the poisonous tree" argument be rejected.

## V.  RECOMMENDATION

For the reasons stated herein, it is **RECOMMENDED** that Defendant's Motion to Suppress Evidence (Docket No. 56) be **DENIED**.

Any party may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 29th day of April, 2014.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE